

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4-4-22
```

| | | |
|---|---|---|
| **HON. SYLIVA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ALAN H. SCHEINER**<br>*Senior Counsel*<br>Phone: (212) 356-2344<br>Fax: (212) 356-3509<br>ascheine@law.nyc.gov |

April 1, 2022

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10038

      Re:    *Madeline Feliciano, guardian of Nicholas Feliciano v. City of New York, et al.*,
             20-cv-10033-LAK.

Your Honor:

        I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York ("City"), and the attorney assigned to represent the City in the above-referenced action. I am writing pursuant to the Court's Order of March 4, 2022 (ECF No, 56) to respectfully make this status report and to respectfully request, with consent of plaintiff, that in light of a pending criminal investigation of the incident that is the subject of this lawsuit, the Court stay this matter for six weeks, from April 1, 2022 to May 13, 2022. Defendant Tasha Lambre also joins in this request. The parties have conferred and have agreed to this proposed schedule. All parties reserve their rights with respect to requesting or opposing any further stay or adjournment after the six-week period.[1]

        This civil rights claim arises from the attempted suicide on November 27, 2019, of Nicholas Feliciano, while in the custody of the New York City Department of Correction ("DOC"). Plaintiff alleges that employees of the DOC, the Fire Department of the City of New York, and New York City Health and Hospitals Corporation, were deliberately indifferent to Mr. Feliciano's medical needs and safety.

        Federal courts have the inherent power and discretionary authority to stay a case if the interest of justice so requires. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal

---

[1] Plaintiff's counsel has previously indicated that they do not agree that a stay is required by law, but consent to a stay in any event. Notwithstanding the stay, the City has undertaken to make reasonable efforts to resolve representation decisions for individual defendants who request representation during the interim period.

courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution . . . .[and] sometimes at the request of the defense."); *Kashi v. Gratsos*, 790 F. 2d 1050, 1057 (2d Cir. 1986) ("The district court exercised sound discretion in staying the trial until the U.S. Attorney declined to prosecute . . .).

This office is informed that the criminal investigation remains ongoing. For the reasons set forth in defendants' prior application of March 3, 2021 (ECF No. 40), defendants respectfully request a stay of a civil action until at least May 13, 2022, to allow additional time for the criminal investigation of this matter to conclude. Defendants further respectfully request, for the same reasons and with the consent of plaintiff, that the Court continue to adjourn the time for defendants to respond to the Complaint to a date to be determined in the future, and allow the parties to report to the Court on May 13, 2022, regarding how they wish to proceed or regarding any disagreements on that subject. A Stipulation and Proposed Order is enclosed to that effect.

This is the seventh request for a stay due to an open investigation into the matter by the Bronx District Attorney's Office, as well as open investigations by the Department of Correction and Department of Investigation.[2] The prior requests were granted upon consent.

Accordingly, the City and Tasha Lambre respectfully request that the Court stay this matter for an additional 30-days and enter the enclosed Stipulation and Order.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Alan H. Scheiner /s/

Alan H. Scheiner

Encl.

cc: All Counsel (By ECF)

Granted
SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
4-4-22

---

[2] This case was previously stayed until April 1, 2022, by Stipulation and Order entered March 4, 2022 (ECF No. 55); until March 2, 2022, by Stipulation and Order entered February 1, 2022 (ECF No. 53); until January 31, 2022 by Stipulation and Order entered December 22, 2021 (ECF No. 51); until December 15, 2021, by Stipulation and Order entered November 1, 2021 (ECF No. 49); until November 1, 2021, by Stipulation and Order entered September 1, 2021 (ECF No. 47); and until September 1, 2021, by Stipulation and Order entered June 3, 2021 (ECF No. 45). On March 11, 2021, the matter was stayed by the Court by Stipulation and Order. (ECF No. 43).