

MEMO ENDORSED

**HON. SYLIVA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
Phone: (212) 356-2344
Fax: (212) 356-3509
ascheine@law.nyc.gov

January 19, 2023

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10038

    Re: *Madeline Feliciano, guardian of Nicholas Feliciano v. City of New York, et al.*, 20-cv-10033-LAK.

Your Honor:

    I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York ("City"), and the attorney assigned to represent the City and defendant Mark Peralta in the above-referenced action. I am writing pursuant to the Court's Order of October 27, 2022 (ECF No. 75) to respectfully make this status report and to respectfully request, with consent of plaintiff, that in light of a pending criminal prosecution of the incident that is the subject of this lawsuit and ongoing settlement discussions, that the Court continue the stay this matter, *nunc pro tunc*, from January 16, 2023, to March 31, 2023.[1] Defendants Tasha Lambre and Terry Henry also join in this request. The parties have conferred and have agreed to this proposed schedule. All parties reserve their rights with respect to requesting or opposing any further stay or adjournment after stay.[2]

    This civil rights claim arises from the attempted suicide on November 27, 2019, of Nicholas Feliciano, while in the custody of the New York City Department of Correction ("DOC"). Plaintiff alleges that employees of the DOC, the Fire Department of the City of New York, and New York City Health and Hospitals Corporation, were deliberately indifferent to Mr. Feliciano's medical needs and safety.

---

[1] I apologize for the delay in the submission of this application, which is due, in part, to my error in planning, including the failure to anticipate that the deadline fell on a holiday.

[2] Plaintiff's counsel has previously indicated that they do not agree that a stay is required by law, but consent to a stay in any event.

Federal courts have the inherent power and discretionary authority to stay a case if the interest of justice so requires. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution . . . .[and] sometimes at the request of the defense."); *Kashi v. Gratsos*, 790 F. 2d 1050, 1057 (2d Cir. 1986) ("The district court exercised sound discretion in staying the trial until the U.S. Attorney declined to prosecute . . .).

This office is informed that the criminal investigation remains ongoing. For the reasons set forth in defendants' prior application of March 3, 2021 (ECF No. 40), defendants respectfully request a stay of a civil action until at least April 13, 2022, to allow additional time for the criminal investigation of this matter to conclude. Defendants further respectfully request, for the same reasons and with the consent of plaintiff, that the Court continue to adjourn the time for defendants to respond to the Complaint to a date to be determined in the future, and allow the parties to report to the Court on March 31, 2023, regarding how they wish to proceed or regarding any disagreements on that subject. A Stipulation and Proposed Order is enclosed to that effect.

This is the fourteenth request for a stay in this matter.[3] The prior requests were granted upon consent.

Accordingly, we respectfully request that the Court stay this matter for an additional 90-days and enter the enclosed Stipulation and Order.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner*  /s/

Alan H. Scheiner

Encl.

cc: All Counsel (By ECF)

SO ORDERED as corrected,

_____
LEWIS A. KAPLAN, USDJ     1/20/23

---

[3] This case was previously stayed until January 19, 2023, by Stipulation and Order entered on October 27, 2022 (ECF No. 75); until October 25, 2022, by Stipulation and Orde entered August 29, 2022; until August 27, 2022, by Order entered July 29, 2022 (ECF No. 60); until July 28, 2022, by Stipulation and Order entered June 15, 2022; until June 13, 2022, by Stipulation and Order entered May 16, 2022 (ECF No. 60); until May 13, 2022, by Stipulation and Order entered April 4, 2022 (ECF No. 58); until April 1, 2022, by Stipulation and Order entered March 4, 2022 (ECF No. 55); until March 2, 2022, by Stipulation and Order entered February 1, 2022 (ECF No. 53); until January 31, 2022 by Stipulation and Order entered December 22, 2021 (ECF No. 51); until December 15, 2021, by Stipulation and Order entered November 1, 2021 (ECF No. 49); until November 1, 2021, by Stipulation and Order entered September 1, 2021 (ECF No. 47); and until September 1, 2021, by Stipulation and Order entered June 3, 2021 (ECF No. 45). On March 11, 2021, the matter was stayed by the Court by Stipulation and Order. (ECF No. 43).